In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Charles James HOLLEY, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Charles James HOLLEY, Respondent.

Supreme Court

*No. 2006AP2519–D. Decided March 21, 2007.*

2007 WI 34

(Also reported in 728 N.W.2d 684.)

¶ 1. PER CURIAM. The Office of Lawyer Regula-

tion (OLR) has filed a complaint and motion pursuant to SCR 22.22 requesting that this court impose reciprocal discipline against Attorney Charles James Holley identical to the 60–day suspension imposed by the Supreme Court of Illinois. The OLR's complaint further alleges that Attorney Holley failed to notify the OLR of the suspension of his license to practice law in Illinois within 20 days of the effective date of the order, contrary to SCR 22.22(1).[1]

¶ 2.  On October 17, 2006, this court issued an order to show cause directing Attorney Holley to show cause in writing by November 6, 2006, why the imposition of the identical discipline imposed by the Supreme Court of Illinois would be unwarranted. Attorney Holley failed to respond to either the OLR's complaint or the order to show cause.

¶ 3.  Attorney Holley was licensed to practice law in Illinois and Wisconsin in 1991. Since his admission to the practice of law, Attorney Holley has practiced in Illinois, apparently either as an associate in law firms or as a solo practitioner. His license to practice law in Wisconsin is currently suspended for failure to comply with his continuing legal education requirements and for failure to pay his state bar dues.

¶ 4.  On January 13, 2006, the Supreme Court of Illinois approved the report and recommendation of the Hearing Board of the Illinois Attorney Registration and Disciplinary Commission (the Hearing Board) and sus-

---

[1] SCR 22.22(1) provides:  Reciprocal discipline.

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

pended Attorney Holley's license to practice law in Illinois for a period of 60 days, effective February 3, 2006. The Hearing Board determined that, with respect to three separate client matters between January 2002 and July 2002, Attorney Holley had failed to keep funds belonging to clients or third parties separate from his own funds and that he had unintentionally converted approximately $10,000 of those funds by using them for his own business expenses, in violation of Rule 1.15(a) of the Illinois Rules of Professional Conduct.[2] The Hearing Board accepted Attorney Holley's claim that his temporary use of the client funds was due to his failure to segregate the funds and to keep track of the balance in his business account into which he had deposited the funds. The Hearing Board also found that Attorney Holley had failed to deliver promptly funds to a client that the client was entitled to receive, in violation of Rule 1.15(b) of the Illinois Rules of Professional Conduct. Attorney Holley's conduct was also found to have been prejudicial to the administration of justice, in violation of Rule 8.4(a)(4) of the Illinois Rules of Professional Conduct, and to have tended to defeat the administration of justice or to bring the legal profession into disrepute, contrary to Illinois Supreme Court Rule 770.

¶ 5. SCR 22.22(3) provides that this court "shall impose the identical discipline or license suspension unless . . . [t]he procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process" violation;

---

[2] Although Attorney Holley did temporarily use client funds for his own expenses when the balance in his business account fell below the amount of the funds held in trust, he did subsequently return the funds to the proper parties.

"[t]here was such an infirmity of proof establishing the misconduct . . . that [this court] could not accept as final" the other jurisdiction's misconduct finding; or "[t]he misconduct justifies substantially different discipline" here. Attorney Holley, who was represented by counsel in the Illinois disciplinary proceeding, has not alleged that any of these three exceptions exist. Accordingly, the imposition of reciprocal discipline against Attorney Holley is warranted.

¶ 6. The OLR has filed a statement of costs, which indicates that the total costs of this proceeding, as of February 15, 2007, were $143. Attorney Holley has not objected to the OLR's statement of costs. We conclude that Attorney Holley should be required to pay the costs of this proceeding.

¶ 7. IT IS ORDERED that the license of Charles James Holley to practice law in the State of Wisconsin is suspended for a period of 60 days, effective May 1, 2007.

¶ 8. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Holley shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of his inability to pay those costs within that time, the license of Attorney Holley to practice law in Wisconsin shall remain suspended until further order of this court.

¶ 9. IT IS FURTHER ORDERED that Attorney Holley comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.